# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | | |
|---|---|---|
| MATHEW R. WURM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  2:18-CV-2322 |
| | ) | |
| FORD MOTOR COMPANY, a Delaware | ) | |
| Corporation, | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW the above-named Plaintiff, Mathew R. Wurm, a resident of the State of Kansas; and for his cause or causes of action brought against the above-named Defendant, Ford Motor Company, a Delaware Corporation (hereinafter referred to as "Ford"), alleges and states as follows:

### A.  JURISDICTION

1.      The Plaintiff, Mathew R. Wurm, is a domiciliary of and a citizen of the State of Kansas residing at Topeka, Shawnee County, Kansas.

2.      The Defendant Ford, is a Delaware Corporation, duly authorized to do business in the State of Kansas, and may be duly personally served with Summons, a copy of this Complaint, and Designation of Place of Trial upon its Registered Agent, The

1

Corporation Company, Inc. at 112 SW 7th Street-Suite 3C, Topeka, Kansas 66603. The

Defendant Ford is further provided a copy of this Complaint, a copy of Summons issued

to its Registered Agent, and a copy of the Designation of Place of Trial upon the following

and at its current mailing address: THERESE FALETTI, Tax Department- WHQ, Room

612, 1 American Road, Dearborn, MI 48126.

      3.     The Plaintiff, Mathew R. Wurm, brings his diversity action against the

Defendant Ford Motor Company sounding in strict product liability, including his

allegations of both negligence for Defendant Ford's duty to warn under strict liability as

well as its duty to warn under post-sale common law negligence when it discovered its

latent design defect upon its becoming well aware that its design defects to the roof of its

1999 Ford F-250 Super Duty Pickup Truck weakened its roof canopy and support pillars

causing it to crush inwards and downwards during rollover events and intruding into the

occupant compartment which caused either death or serious spinal injury to its occupants;

and as hereinafter alleged, resulting in serious and permanent spinal injury to the

Plaintiff.  Plaintiff alleges that this knowledge was possessed by Defendant Ford Motor

Company, either actual or constructively implied when it either knew or should have

known of the  March 15, 2008 Article "Roof Strength and Injury Risk in Rollover

Crashes"  nationally published by the Insurance Institute for Highway Safety concerning

roof crush to its 1999 Ford F-250 Super Duty Pickup Truck, designed, or similarly

designed to its product which actual or constructive knowledge of its alleged life-

threatening dangerous and inherently unsafe latent condition of its roof design being too

weak for the vehicle's weight and its resultant failure of function during rollover events, shown or determined, from real world testing, and its subsequent knowledge of actual deadly similar failures of its product during rollover events, thus triggered a continuing post-sale duty to warn the Plaintiff of this latent life threatening defective roof design and function of its product to its 1999 Ford F-250 Super Duty Pickup Truck manufactured and placed in the stream of commerce by the Defendant Ford Motor Company. In addition, the Defendant post-sale had access to the published National Highway Transportation Safety Administration (NHTSA) 2007 study ``The Role of Vertical Roof Intrusion and Post-Crash Headroom in Predicting Roof Contact Injuries to the Head Neck, or Face During FMVSS No. 216 Rollovers; An Updated Analysis.'' Concluding that Roof Crush Causes Quadriplegic and Fatal Injuries. Plaintiff alleges that the defective in design and function of its weakened roof canopy and its inadequate strength of its support pillars was a latent defect for which a post-sale warning by the Defendant would have prevented his and other consumers from either using the product of in exercise of safer use of the product to avoid his sustaining what Ford knew in 2007 and 2008 was an occupant sustaining foreseeable fatal and serious injury from its use, or alternatively to provide the Plaintiff adequate warnings at the time of its manufacturing of the vehicle of said latent dangerous or unsafe condition of its said product sounding in strict liability, or alternatively to provide a post post-sale common law duty to warn sounding in negligence when Defendant Ford Motor Company either knew, or should have known, of this latent danger through its use resulting in death or serious injury to occupants of the vehicle product manufactured and placed into the stream of commerce

3

by Defendant;  and as a proximate cause of its  failure to warn of its defectively designed

"weak" roof it resulted in foreseeable injury resulting from its a known unsafe condition

which was an unknown latent unsafe product defect , the Plaintiff has similarly incurred

his substantial wrongful personal injury damages , including  mental damages and

suffering damages well in excess of this Court's  jurisdictional damage limitation of the

amount in controversy of Seventy-five Thousand Dollars ($75,000.00), all of which will

be determined to be the result of one or more of the alleged actionable wrongful acts of

the Defendant herein alleged.  Plaintiff further states and alleges that he believes the

evidence will show that in-house engineering advice at time of the product's design and

manufacture was that the alleged defect to the product rendered the product inherently

unsafe and dangerous to life and limb in use, the unsafe condition of the product so

designed was based upon economic benefit to the Defendant at the expense of the

Plaintiff and adequate safety feature s could have been implemented at an attributable

nominal cost of at or less than $100.00 per unit, and the Plaintiff  will at a time authorized

by Kansas law request the Court to authorize based upon fruits of discovery at Pretrial a

submisible  punitive damages claim to then be determined and set by a Jury as

procedurally governed, limited, or required by the provisions of Kansas Statute

Annotated at K.S.A. 60-3701 et seq.

## B.  PARTIES

1.      The Plaintiff, incurred his severe personal injuries to his spine and body when

he alleges that his body came into contact with the crush of the vehicle roof to a 1999 Ford

4

F-250 Super Duty Pickup Truck while a back-seat passenger at the time of a single vehicle rollover accident which occurred on a Osage County, Kansas gravel road in the early hours of June 18, 2016 at approximately 1:30 a.m. while westbound on East 149th Street.   This 1999 Ford F-250 Super Duty Pickup Truck at the time of this rollover event was owned and operated by a Mr. Neil Gerisch who was the driver who lost control of the vehicle at said place and time and other than the Plaintiff, there were three (3) other passengers, one front seat passenger and two (2) other back seat passengers along with the Plaintiff.  During the rollover event the unbelted driver of the vehicle was thrown from the vehicle at the time and sustained bruises and contusions while the other four (4) passengers remained within the vehicle during this rollover event all of whom received a variety of less serious personal injuries (the belted front seat passenger sustained a serious knee laceration; the unbelted girlfriend of the Plaintiff sitting in the back seat sustained a broken leg; and the other unbelted rear seat passenger suffered a scalp laceration. The unbelted Plaintiff, a rear seat passenger suffered his injuries which required both emergency care and in-patient hospitalization for his permanent personal injury to his thoracic spine and back which he claims or alleges was a result of his body coming into contact with the collapsed roof to the vehicle as he alleges I exhibited by the pattern of his injury; and which his personal injury and mental suffering will require past, present and future medical care for his post-accident condition,  all of his injuries of a permanent and lasting nature.   Mr. Mathew R. Wurm, as the Plaintiff, brings his respective combined causes of action against the Defendant Ford Motor Company, both singular and combined, both under strict product

liability and also on a claim of Defendant's common law negligence governed by State law as the manufacturer and seller of the said 1999 Ford F-250 Super Duty Pickup Truck.

2.      The Defendant Ford is a Delaware Corporation, with its home office and principal place of business in Wilmington, Delaware. The Defendant Ford's current mailing address is to: THERESE FALETTI – Tax Department, WHQ Room 612, 1 American Road, Dearborn, MI 48126.

3.      Defendant Ford designs, tests, manufactures, assembles, markets, and distributes its product line, passenger and utility motor vehicles for sale in the United States, and specifically its 1999 Ford F-250 Super Duty Pickup Truck.

## C.  OBJECT OF ACTION

1.      This is an action in law and equity on behalf of the Plaintiff, Mathew R. Wurm, for his past, present, and future personal and mental injuries suffered by him as a result of his injuries alleged to have been directly caused by a product negligently designed, and/or tested, and/or manufactured, and/or marketed, and/or distributed, and/or sold, and/or installed, and warnings both under strict product liability and common law post-sale warnings which are alleged by the Plaintiff either not given, or inadequately given by the Defendant Ford Motor Company.  The product defect and its latent danger to life and limb unappreciated or incapable of being reasonably determined by the Plaintiff, and which condition of the product of the Defendant is alleged by the Plaintiff to be both of unsafe design and function to protect him from serious injury he suffered during this vehicle's rollover event occurring in the early hours of the morning of June 18, 2016.

2.     This is a combined action of the above-named Plaintiffs to recover their actual damages authorized under the laws of the State of Kansas at Kansas Statutes Annotated K.S.A. 60-19a01 and K.S.A. 60-19a02 (personal injury action).  The above-named Plaintiffs further allege their right to claim allowable punitive damages authorized under the laws of the State of Kansas at Kansas Statutes Annotated K.S.A. 60-3701 et seq. and in the manner provided subject to procedure and monetary caps.

## D.   FACTS OF ACCIDENT

1.     On or about June 18, 2016, a Friday, at approximately 2:00 a.m., the Plaintiff, Mathew R. Wurm, while a back-seat passenger in the aforesaid Defendant's product, a 1999 Ford F-250 Super Duty Pickup Truck, incurred his serious personal and mental injuries, past, present and future during his lifetime, his date of birth being in the year 1998; all as a result of a single motor vehicle accident and rollover event on a gravel county road in which the driver and owner of the vehicle, a Mr. Neil Gerisch lost control of his vehicle and which struck a utility pole at an  resulting in the vehicle suffering a right passenger side  roll over  event resulting in the Plaintiff striking his upper back into the compressed roof surface, or crush of the roof's interior  surface, causing it to violently come into contact with the Plaintiff's body during the rollover event.  As a result of the blunt force injuries he incurred at said time and place to his upper back and spine, the plaintiff sustained his permanent injuries which included: 8 wedge compression fractured lumbar and thoracic vertebrae, 2 discs dislocations or slipped discs to his back; and also a unilateral bruised lung.  Medical and wage loss to date is in excess of $30,757.35. Matthew R. Wurm, Jr. continues to suffer daily and in the future, all of his damages

7

exclusive of his pain and suffering and other non-economic losses subject to cap, for which his pecuniary losses and damages not subject to cap will restrict his earnings ability in his chosen high paid field of employment as a certified diesel technician for a manufacturing company. Further the Plaintiff will suffer loss of enjoyment damages past, present, and future and his injuries suffered in the accident will likely plague him for the rest of his life and is alleged to certainly adversely affect his career goals. Further the Plaintiff within the last year was reinjured while attempting to competitive wrestling at his high school which required extensive recent physical therapy and further also participated in high school football and baseball prior to the June 18, 2016 accident, all of these and his physical activities now restricted.

2.      The Plaintiff, the Driver, and the other two (2) rear passengers were also not wearing seat belts at said time and place above-described; all of which experienced a variety of separate and distinct injuries above noted.  The front seat passenger was wearing a seat belt sustaining his lacerated knee injury during this rollover event.

## E.  FIRST CLAIM FOR RELIEF:  STRICT LIABILITY

1.      Defendant Ford manufactured and/or sold and/or assumed liability for the manufacture of the 1999 Ford F-250 Super Duty Pickup Truck in question.

2.      Defendant Ford was in the business of manufacturing and/or selling the 1999 Ford F-250 Super Duty Pickup Truck in question, and it has assumed liability independent of its non-delegable duty to manufacture its product to be safe and free of defect; whether it be design or in the use of product, or assembly; and further it also has assumed successor

8

liability for any torts committed in the manufacturer of its product due to defect and/or design of the vehicle, or any of its components thereto.

3.    The 1999 Ford F-250 Super Duty Pickup Truck was defective because of its defects, including, but not limited to, sufficient design, use of product in its support pillars, or pattern on assembly, and inherent weakness in its roof or pillar supports, the effect of which resulted in excessive crush and deformity of the roof causing it to violently strike the Plaintiff's upper back and body resulting in his serious spinal injuries of a permanent and lasting nature, including great mental injury and his pain and suffering, past. Present. And future wage loss and career limitations, all proximately caused by and due to the lack of a safety design and/use of materials to strengthen its pillar supports to the roof of the vehicle causing it to pancake with a cathedral-like roof collapse or buckling; and was unreasonably dangerous to a person who uses or might reasonably be expected to be affected by the use of the vehicle's occupant space during a rollover event in the vehicle in question under same or similar highway conditions at said time and place. The Defendant's product above described is alleged to have harbored this unreasonably dangerous latent condition, and the Defendant is alleged to be otherwise negligent because the Defendant manufacturer failed to exercise reasonable care in the exercise of all its duties pre- and post-sale of its product owed consumers and this Plaintiff.

4.    The Plaintiff, Mathew R. Wurm, was a person who used or could have reasonably been affected by the unsafe condition of the 1999 Ford F-250 Super Duty

9

Pickup Truck design and location of its weakened pillar supports due to a lack of tensile strength to reduce vehicle weight in compromising its roof strength; or roof failure due to the lack of a safety design/and or improper manufacture and installation of the said component parts which all combined resulted in its failure at said time and place.

5.     The 1999 Ford F-250 Super Duty Pickup Truck, or its components, was defective because its danger of excessive roof crush was latent,  did not contain adequate warnings including, but not limited to, the danger inherent in its design and use causing the roof to pancake and excessively crush into the occupant interior space of the cab and rear seating under the circumstances of the event as above- described; and was defective also because it did not contain adequate warnings including, but not limited to, the danger inherent in its design and use as above-described in conjunction experiencing a rollover event caused by occurrences during highway use.  Further upon receiving further auto industry reports of roof failure in real world testing and actual reports of product failure for death and injuries attributable to obvious roof integrity failures, Defendant Ford Motor Company had a post-sale, non-delegable duty to warn this Plaintiff, and the Driver to take reasonable preventative precautions during the products use to operate the vehicle in a more reasonable or careful manner in full appreciation of the latent danger of its product as a result of its weak and unsafe roof design, and its function, all the more a warning required in that the defect was reasonably dangerous and it was foreseeable that death or serious injury in the use of said product to the Plaintiff, or others similarly situated, could well occur if this vehicle experienced a rollover event.

6.      Defendant Ford owed a duty to foreseeable users of the product described herein which product they designed and/or tested and/or manufactured and/or assembled and/or marketed and/or distributed and/or sold and/or installed, to design, test, manufacture, assemble, market, distribute and/or install said component parts in a reasonable, safe and prudent manner to prevent excessive roof crush when experiencing a rollover event.

7.      Defendant Ford is strictly liable to Plaintiff because at the time Defendant designed and/or tested and/or manufactured and/or assembled and/or marketed and/or distributed and/or sold and/or installed the product described herein and placed it into the stream of commerce, Defendant is alleged to have:

(a)      Failed to incorporate a safe design of its roof and pillar supports, and use of product that was strong enough to withstand the forces when applied in real world events to ensure the vehicle's roof strength to prevent roof crush intrusion into the occupant interior space of the vehicle's cab and rear seat resulting in an occupant's body coming into contact with the roof pancaking or striking into the body of an occupant causing either serious injury or death.

(b)      Failed to incorporate a safe design and use of product materials of greater tensile strength or rigidity of its component materials comprising its pillars to provide a stronger roof utilized for the purpose of avoiding excessive roof crush to minimize intrusion striking and injuring the occupant's body during a rollover event.

11

(c)     Failed to adequately warn foreseeable users of the dangerous characteristics of its products which would result in occupant space intrusion and resulting in bodily injury nor death, including pre-and/or post-sale duty to warn of latent dangers of its product likely to cause serious injury or death; and

8.     The 1999 Ford F-250 Super Duty Pickup Truck as sold, was defective and unreasonably dangerous for reasons including, but not limited to, those set forth above in Subsection E, Paragraphs 1 through 7(a) through (c).

9.     It was foreseeable to Defendant Ford that the 1999 Ford F-250 Super Duty Pickup Truck described herein could during its foreseeable use experience failure of its roof integrity causing excessive crush and intrusion into the vehicle's occupant space and cause the occupant's, and this Plaintiff in particular to sustain severe bodily injury because of the defects set forth in the preceding Subsection E, Paragraphs 1 through 7(a) through (c).

10.     Ford Motor Company at the time of its placing its 1999 Ford F-250 Super Duty Pickup Truck had readily available several alternative roof designs for its product including the use of a B-pillar (as in its Crew Cab version), a roll bar to reinforce the roof, and structural foam in the pillars, which Ford had designed as a safety precaution in other vehicle models manufactured by it at the time all at a cost to meet the Kansas consumer expectation of using a safe product by implementing current best engineering principles at the time  of its design and manufacture by using structural welds instead of glue and

incorporating a steel side-door beam   and strengthen the door latches in combination with the above to maintain its structural integrity (roof strength) to the vehicle.

## F.  CAUSATION

1.     Each of the above described acts and omissions of Defendant Ford were a direct and proximate cause of the injuries resulting in the Plaintiff's personal injuries and past, present, and future disability and physical and mental suffering.

## G.  INJURIES

1.     From the time of injury of the Plaintiff and for the balance of his life, the Plaintiff has suffered physical and mental pain, shock and agony, all to his great damage and loss; and he is entitled to his actual and punitive damages above-pled and identified, for his losses due to his personal injuries sustained due to the Defendant Ford's product failure at the time of the accident.

## H.  SECOND CLAIM FOR RELIEF:  PUNITIVE DAMAGES

1.     Defendant Ford knew or should have known of the inherent dangers in their defective product or components, as described above in Subsection E, Paragraphs 1 through 7(a) through (c), *supra*.

2.     Defendant Ford knew or should have known of the inherent defects of its product as described in Subsection E, Paragraphs 1 through 7(a) through (c), *supra*.

3.     Defendant Ford knew or should have known that these defects caused and would cause and continue to cause injuries to users but its conduct reflects a desire of earning greater profits at the expense of its customers and the using public of its product for which a latent danger in the use of its product had and is now apparent and ever present.

4.     Defendant Ford knew or should have known how to guard against or warn of these dangers resulting in death and serious bodily injury pre- and post-sale, but failed to adequately do so.

5.     Defendant Ford knew or should have known that remedies for the latent defects described in Subsection E, Paragraphs 1 through 7(a) through (c), *supra*, were feasible, desirable and readily available pre- and post-sale for which a continuing duty to warn

6.     Defendant Ford knew or should have known that the latent defects described in Subsection E, Paragraphs 1 through 7(a) through (c), *supra*, would prevent injuries and deaths in the foreseeable event of an accident and rollover event such as the one in the case at bar.

7.     With such knowledge available, the conduct of Defendant Ford of designing and/or manufacturing and/or assembling and/or distributing products with latent defects described in Subsection E, Paragraphs 1 through 7(a) through (c), *supra,* was in reckless disregard of public safety.

8.      As a result of the reckless disregard of Defendant Ford, Plaintiff, Mathew R,

Wurm, suffered his personal injuries, past, present, and future to all of his non-pecuniary

and pecuniary damages and losses, in accordance with Kansas Law.

9.      Plaintiff re-alleges all of the above; and further state as a claim for relief

against Defendant Ford that Ford's conduct showed and continues to evince a reckless

disregard for public safety thus further entitling Plaintiff to an award of punitive damages

in an amount to reasonably be determined by the trier of fact and subject to the cap.

WHEREFORE, the Plaintiff prays that this Court grant him all available relief determined

appropriate and just against Defendant Ford in an amount of controversy in excess of Seventy-

Five Thousand Dollars ($75,000.00); to include, actual and prospective damages, and punitive

damages as determined by the Court with right to proceed for determination by the trier-of-fact;

all in combination for which he may be entitled to, plus interest, costs, and such other and further

relief which the Court determines to be just and appropriate.


Respectfully submitted,



 s/Eric Kjorlie
Eric Kjorlie, KS #08065
Attorney at Law
Historic Tinkham Veale Place
827 SW Topeka Blvd.
Topeka, Kansas 66612-1608
(785)232-6868(O);(785)232-6878(F)
kjorlielaw@sbcglobal.net
*Attorney for the Plaintiffs*

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Mathew R. Wurm, and demands a Jury Trial for his

submisible cause or causes of action here pled against the Defendant Ford Motor

Company.

Respectfully submitted,

  s/Eric Kjorlie

Eric Kjorlie, KS #08065
Attorney at Law
Historic Tinkham Veale Place
827 SW Topeka Blvd.
Topeka, Kansas 66612-1608
(785)232-6868(O);(785)232-6878(F)
kjorlielaw@sbcglobal.net
*Attorney for the Plaintiff*