**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| MATHEW R. WURM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-CV-2322-HLT-ADM |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**FORD MOTOR COMPANY'S**
**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ERRATA CHANGES**

Defendant Ford Motor Company ("Ford") moves this Court for an order striking (i) the errata sheet submitted by Plaintiff's proferred expert, Shawn Parcells, and (ii) the errata sheet submitted by fact witness Brittany Kerley. Both witnesses have attempted to materially change their deposition testimony by simply crafting different answers to questions already answered under oath. These errata changes are wholly improper, and the Court should strike the errata sheets in their entirety. Additionally, Mr. Kerley's errata sheet, which was submitted to the court reporter more than 120 days after her deposition transcript was made available to her, should also be stricken as untimely. Ford provides the following Memorandum in support of its Motion to Strike.

**FACTUAL BACKGROUND**

**I.  DEPOSITION CORRECTIONS OF BRITTANY KERLEY**

The present case arises out of a single-vehicle rollover accident involving an allegedly defective 1999 Ford F-250 Super Duty containing five occupants, including Plaintiff Matthew Wurm and his girlfriend, Brittany Kerley. *See generally* **Complaint, [Doc. 1]**. During her

deposition in this case, Ms. Kerley testified that Plaintiff was not wearing his seatbelt at the time of the accident. **Deposition of Brittany Kerley (hereinafter "Kerley Depo."), p. 21:21-24 (attached as Exhibit 1)**. Ms. Kerley submitted "Deposition Corrections" to the court reporter on or about December 2, 2019. **Deposition Corrections of Brittany Kerley (hereinafter "Kerley Corrections") (attached as Exhibit 2)**. Specifically, Ms. Kerley sought to change her testimony as follows, to "accurately reflect fact":

> **Original testimony:**
>
> Q. Okay. And then -- but none of the three occupants, including yourself, in the backseat, were wearing your seat belts, correct?
>
> A. Correct.

**Kerley Depo. (Ex. 1), p. 21:21-24.**

> **Corrected testimony:**
>
> Q. Okay. And then -- but none of the three occupants, including yourself, in the backseat, were wearing your seat belts, correct?
>
> A. ~~Correct.~~ *I just assumed that the other two occupants in the back seat, Mathew Wurm and William Pagan were not wearing their seatbelts; but I have no independent knowledge to state that either they were, or that they were not, wearing their seatbelts.*

**Kerley Corrections (Ex. 2).**

## II. DEPOSITION CORRECTIONS OF SHAWN PARCELLS

Plaintiff has retained Shawn Parcells to offer opinions regarding the causation of Plaintiff's alleged injuries. *See, e.g.,* **Deposition of Shawn Parcells (hereinafter "Parcells Depo."), pp. 178:24-179:16 (attached as Exhibit 3).** Following Mr. Parcells' deposition, he submitted a 5-page long errata sheet making material changes to his testimony, including changing answers from "yes" to "no," and adding whole paragraphs to his answers to "accurately

reflect fact," "provide proper meaning," correct his testimony, and/or to "better describe the forces" involved in the subject accident. **Deposition Corrections of Shawn Parcells (hereinafter "Parcells Corrections") (attached as Exhibit 4)**. For example, Mr. Parcells' sought to make the following amendment to his deposition testimony:

> Q. Okay, and we'll get into the injuries here in a little bit, but if Mr. Wurm was, actually was not wearing his seat belt at the time of the crash –
>
> A. Sure.
>
> Q. -- you would agree that would alter his kinematics inside the vehicle during the course of the event compared to what they would have been had ne been wearing his seat belt?
>
> > Kjorlie: Object to the form, not proper foundation.
>
> A. I agree with that. *However the kinematics of one wearing the seatbelt and not wearing a seatbelt in this case would be slight and would not have altered or changed Mr. Wurm's injuries to his spine because all the occupants in the truck stayed in their seats except the driver who was thrown from the truck which the literature supports as what would normally occur. Also this fact I am now informed was testified to by all the occupants.*

**Parcells Depo. (Ex. 3), p. 146:7-18; Parcells Corrections (Ex. 4)** (errata changes in *italics*). Mr. Parcells also included "corrections" for the purpose of responding to the opinions of Ford's retained expert witness, Dr. Elizabeth Raphael, whose report was not issued until after Mr. Parcells' deposition was concluded, in accordance with the Court's July 8, 2019 Order. *See* **[Doc. 46]**.

> Q. Using your definition of occupant kinematics that you just testified to, are you going to be offering any opinions about Mr. Wurm's occupant kinematics during the course of the accident.
>
> A. Yes, I will.
>
> Q. Okay, and specifically what?

3

> A. The fact that his injuries are more consistent with as the car is rolling him -- as the car is rolling the roof crush coming down on him versus him going into the roof only because it would be my opinion that if he is actually going into the roof and suspended in space, that he would have more rotational type injuries because of the rollover where he doesn't have rotational type injuries, he's got axial load injuries. *For example, the flexion compression mechanism of injury to Mr. Wurm or in layman's terms 'his pattern of injury' was a result of the force of the roof crush to his spine while he was in a sitting position, and as depicted in Parcells' Exhibit 13 at page 166 while as an example in the Report of Ford's Expert Elizabeth H. Raphael, M.D., F.A.C.E.P. at page 11 of her 22-page Report of September 6, 2019 her description of the motorcycle injury was not consistent with Mr. Wurm's actual radiological findings because Dr. Raphael's example of mechanism of injury would not result in the pattern of injury of Mr. Wurm's experience based upon my education, training and experience, and from the recognized scientific literature in the field of spinal trauma stated in Parcells' Exhibit 13 as her motorcyclist example would have more likely than not have resulted in the motorcyclist experiencing anterior wedging to his thoracic spine radiological finding was not present in Mr. Wurm.*

**Parcells Depo. (Ex. 3), pp. 127:9-128:9; Parcells Corrections (Ex. 4)** (errata changes in *italics*). For the sake of brevity, the entirety of Mr. Parcells' lengthy "corrections" will not be set forth in the body of this Motion. However, for the Court's convenience, a side-by-side comparison of Mr. Parcells' original testimony and deposition corrections is attached hereto as **Exhibit 5**.

## ARGUMENT AND AUTHORITY

I. **THE ERRATA "CORRECTIONS" AT ISSUE ARE IMPROPER UNDER FED. R. CIV. P. 30(e) AND CONTROLLING TENTH CIRCUIT PRECEDENT**

It is well-established in the Tenth Circuit that Fed. R. Civ. P. 30(e) "does not authorize changes because the deponent lied, misspoke, or otherwise wants to change or clarify his testimony." ***Lopez v. Dragone***, No. 14-CV-1045-EFM-KGG, 2016 WL 393729, at *1 (D. Kan. Feb 2, 2016). Indeed, in ***Garcia v. Pueblo Country Club***, 299 F.3d 1233, 1242 n.5 (10th Cir.

4

2002), the Tenth Circuit approvingly cited the Western District of Louisiana's oft-quoted opinion in *Greenway v. Int'l Paper Co.*, 144 F.R.D. 322 (W.D. La. 1992) as "express[ing] the scope of Rule 30(e) best." In *Greenway*, the court stated:

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Greenway*, 144 F.R.D. at 325. Further, the Tenth Circuit was "dismayed" at the *Garcia* defendant's reliance on substantive errata changes to support its motion for summary judgment, stating "we do not condone counsel's allowing for material changes to deposition testimony and certainly do not approve of the use of such altered testimony that is controverted by the original testimony." *Garcia*, 299 F.3d at 1242 n.5.

When determining whether errata changes are permitted under Rule 30(e), courts within the Tenth Circuit first determine if a change is material, "which is defined as one that bears on an essential element of a claim or defense." *Lopez*, 2016 WL 393729, at *1. If a change is material, whether it is permitted under Rule 30(e) is determined by examining three factors, collectively known as "the *Burns* rule":

(1) whether the deponent was cross-examined at the deposition;

(2) whether the corrections were based on newly discovered evidence; and

(3) whether the deponent's deposition testimony reflects obvious confusion, as opposed to indecisiveness or inconsistency, which necessitates a correction to clarify.

*Lopez*, 2016 WL 393729, at *1 (citing *Burns v. Board of Cnty. Comm'rs of Jackson Cnty.*, 330 F.3d 1275, 1282 (10th Cir. 2003). Where a deponent seeking to make material errata changes

was cross-examined at his deposition, where his or her corrections are not based on newly discovered evidence, and where the deposition testimony does not reflect obvious confusion, the errata changes should be stricken and disregarded for purposes of summary judgment motions. *See* **Cargill Meat Solutions Corp. v. Premium Beef Feeders, LLC**, No. 13-CV-11168-EFM-TJJ, 2015 WL 5821696, *4 (D. Kan. Oct. 5, 2015); *accord* **Summerhouse v. HCA Health Svcs. Of Kansas**, 216 F.R.D. 502 (D. Kan. 2003); **Kid Stuff Mktg., Inc. v. Creative Consumer Concepts, Inc.**, 15-2620-JWL-KGG, 2016 WL 3743100, at *2 (D. Kan. July 13, 2016).

In the instant case, Ms. Kerley's proposed errata change goes to whether plaintiff was wearing his seat belt at the time of the accident, an issue which is relevant to the causation of Mr. Wurm's injuries. Mr. Parcells has submitted wholesale revisions and amendments to large swaths of his deposition testimony regarding, *inter alia*, Plaintiff's movements within the vehicle during the subject accident, the causation of his injuries, and the bases for his proffered expert opinions. Accordingly, the errata changes at issue unquestionably bear on essential elements of Plaintiff's claims, and are therefore material changes. *See* **Lopez**, 2016 WL 393729, at *1.

With regard to the **Burns** factors, both deponents were cross-examined by Plaintiff's counsel during their depositions. *See* **Exhibit 1, pp. 75-78**; **Exhibit 3, pp. 223-263, 273-276**. Further, there is no indication that any of the errata changes at issue were made as a result of new evidence. To the extent Plaintiff argues that additional testimony of vehicle occupants reviewed by Mr. Parcells after his deposition constitutes "new evidence," it should be noted that all fact witness depositions were concluded in advance of Mr. Parcells' deposition. Accordingly, his failure to review this testimony prior to his deposition does not justify its characterization as "new evidence" simply because it was reviewed after his deposition. Finally, the errata changes of Ms. Kerley and Mr. Parcells do not reflect obvious confusion, which necessitates a correction

to clarify. Indeed, the questions at issue are not inherently confusing, nor do the deponents' answers given during their depositions evidence any confusion. Rather, the "corrections" at issue herein represent the witnesses' blatant attempts to rewrite testimony given under oath, without the need to explain their answers or respond to probing follow-up questions from defense counsel. Accordingly, the errata changes of Ms. Kerley and Mr. Parcells are wholly improper under Fed. R. Civ. P. 30(e), and the Court should strike the offending errata sheets in their entirety.

## II.   THE ERRATA SHEET OF BRITTANY KERLEY IS UNTIMELY

The Tenth Circuit construes the 30-day period for submitting errata changes as "mandatory." Accordingly, deposition changes are permissible under Fed. R. Civ. P. 30(e) "*only* if the party submitting the errata sheet establishes that the submission was provided to the court reporter within the time limit." *U.S. ex rel Smith v. Boeing Co.*, No. 05-CV-1073-WEB, 2011 WL587966, *1 (citing *Rios v. Bigler*, 67 F.3d 1543, 1552 (10th Cir. 1995) (characterizing the 30-day limit as a "procedural dictate" and "mandatory"). While the Court has discretion to relax the 30-day deadline where the party submitting the untimely changes shows "good cause" or "excusable neglect" under Fed. R. Civ. P. 6(b), no such circumstances exist in this case. Ms. Kerley's proposed deposition changes were submitted to the court reporter on December 2, 2019, more than 120 days after the transcript of her deposition was made available to her. *See* **Letter from Vesta York to Brittany Kerley, July 24, 2019 (attached as Exhibit 6**), and **Exhibit 2**. Accordingly, the Court should strike Ms. Kerley's errata sheet as untimely pursuant to Fed. R. Civ. P. 30(e).

## **CONCLUSION**

For the reasons set forth above, Defendant Ford Motor Company respectfully requests this Court enter an order striking the errata sheets submitted by Brittany Kerley and Shawn Parcells in the above-captioned matter.

Respectfully Submitted,


 */s/ Sherry A. Rozell*
Sherry A. Rozell USDC KS #  78863
Steven E. Ward        KS #17066

Mcafee & Taft, P.C.
Two West 2nd Street, Ste. 1100
Tulsa, OK  74103
(918) 587-0000
(918) 599-9317 (fax)
sherry.rozell@mcafeetaft.com
steve.ward@mcafeetaft.com

Paul Malek, admitted *pro hac vice*
Huie Fernambacq & Steward, LLP
2801 Highway 280 South, Suite 200
Birmingham, AL  35223
(205) 297-8850
(205) 492-8850 (fax)
pmalek@huielaw.com

**ATTORNEYS FOR DEFENDANT FORD MOTOR COMPANY**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed and served this 3rd day of January, 2020, via email to:

Eric Kjorlie
Historic Tinkham Veale Place
827 SW Topeka Blvd.
Topeka KS 66612-1608
(785) 232-6868
kjorlielaw@sbcglobal.net

                                                             */s/ Sherry A. Rozell*