## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MATTHEW R. WURM,

     Plaintiff,

     v.

                                    Case No. 2:18-CV-02322-HLT

FORD MOTOR COMPANY,

     Defendant.

### MEMORANDUM & ORDER

This is a product-liability case arising out of a rollover accident involving a Ford truck. Plaintiff Matthew Wurm has sued Defendant Ford Motor Company alleging that a defect in the truck's roof caused his injuries. The Court previously granted Ford's two *Daubert* motions and excluded Wurm's experts because neither was qualified to render the proffered opinions and the underlying opinions were unreliable. Because Wurm relied exclusively on his experts to defeat summary judgment, their exclusion rendered summary judgment appropriate. Judgment was entered in favor of Ford. *See* Docs. 101-102.

Wurm now brings a "Motion for New Trial Altering and Amending the Court's Memorandum and Order." Doc. 105. In that motion, Wurm challenges the Court's *Daubert* rulings and requests that the Court hold an oral argument on his motion so that it can reconsider those rulings. Because Wurm has not demonstrated reconsideration is warranted, the Court denies his motion.

## I.   STANDARD

As a point of clarification, the Court notes that Wurm moves under both Rule 59(a) and Rule 59(e) and fashions his motion as both a motion for new trial and as a motion to alter or amend. Rule 59(a) pertains to motions for new trial. But there was no trial in this case because the matter

was decided on summary judgment. Accordingly, Rule 59(a) is inapplicable here. *See* Fed. R. Civ. P. 59(a); *see also Ross v. Jenkins*, 2018 WL 4749375, at *1 (D. Kan. 2018) (stating that Rule 59(a) does not apply because "no trial—jury or nonjury—has occurred in this case").[1]

Wurm also moves under Rule 59(e). A motion to alter or amend a judgment under Rule 59(e) is essentially a motion for reconsideration. *Pound v. Airosol Co.*, 368 F. Supp. 2d 1158, 1159 (D. Kan. 2004). Typically, grounds for reconsideration are "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).[2] A motion for reconsideration may be appropriate if a court has misunderstood the facts, argument, or controlling law. *Servants*, 204 F.3d at 1012. But "a party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been set forth in the first instance or to rehash arguments previously considered and rejected by the court." *Pound*, 368 F. Supp. 2d at 1159. "Whether to grant or deny a Rule 59(e) motion is within the district court's sound discretion." *Id.*

## II.   ANALYSIS

Wurm seeks reconsideration based on the third ground for Rule 59(e) relief—the need to correct clear error and prevent manifest injustice. Doc. 106 at 2, 4-5, 9. But it is unclear precisely what he claims the error is. Generally, Wurm states that the exhibits attached to his motion present "an opportunity for the Court to again review and determine any sufficient ground to the Court's satisfaction for the Court to set aside and to reconsider Plaintiff's entitlement to his relief sought

---

[1]   Wurm cites "Fed. R. Civ. P. 59(a)(1)(2)" in his motion, which does not exist. *See* Doc. 105 at 1; Doc. 106 at 1. Rule 59(a)(1) does have two subsections: one addressing jury trials and one for non-jury trials. And Rule 59(a)(2) addresses further action after a non-jury trial. But none of these provisions is relevant here because there was no trial. *See Ross*, 2018 WL 4749375, at *1.

[2]   Reconsideration of non-dispositive orders can likewise be granted for the same reasons per District of Kansas local rules. *See* D. Kan. Rule 7.3(b).

in his instant Motion upon the Court's finding of the that reconsideration and review is necessary to be convinced that of the existence of clear error of its factual determinations may require the Court to again carefully analyze and determine whether or not the need to correct clear error or to prevent manifest injustice may exist on the Record in determining whether or not it is proper to grant Plaintiff's instant Motion, in whole or part" [sic]. Doc. 106 at 2.

To the extent Wurm is suggesting generally that the Court should simply reconsider its ruling to determine if it reached the wrong conclusion, the Court declines to do so. *See Pound*, 368 F. Supp. 2d at 1159. Similarly, the Court has reviewed the exhibits to Wurm's motion and reply. Most, if not all, appear to be materials that either were previously presented or could have been presented in response to the *Daubert* motions.[3] "[A] party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been set forth in the first instance or to rehash arguments previously considered and rejected by the court." *Id.*[4]

Wurm also attaches an article discussing declining win rates for plaintiffs, possibly attributing the drop to *Daubert* rulings. Doc. 106 at 9. But it is well established that Federal Rule of Evidence 702 requires district courts to play a gatekeeping role. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589, 597 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999). In performing this gatekeeping function, the "the district court generally must first determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (quoting Fed. R. Evid. 702). Where a party fails to present properly qualified experts, as here, it is the

---

[3]   Notably, Wurm does not seek reconsideration based on newly discovered evidence. *See* Doc. 106 at 2, 4-5, 9.

[4]   As discussed below, to the extent any of this information is "new," none of it adequately addresses the Court's concerns about the experts' qualifications.

Court's job to say so, even though it may harm that party's case. The answer to this is not to abandon *Daubert*, but for parties to retain experts more properly suited to the issues in the case.

As to Shawn Parcells, Wurm's designated expert regarding the causation of his injuries, Wurm argues that, "in this type of case where we are talking about 'medical' or 'anatomical' causation and its resultant 'pattern of injury' and that by virtue of his education, training and experience that he should be permitted to opine 'within a reasonable degree of scientific/anatomical certainty'[5] [Parcells's] expert opinions which should be permitted by the Court to be received by the trier of fact." Doc. 106 at 7. But the Court specifically rejected the argument that Parcells's experience in anatomy, primarily through his participation in autopsies, qualified him to testify about occupant kinematics or biomechanics—both topics that Parcells said he would be testifying about. Doc. 101 at 8-9.

Wurm also argues that the fact that Parcells does not hold a medical degree should not automatically disqualify him under *Daubert*, and that he should be able to rely on his experience. Doc. 106 at 7. Notably, however, it was not simply the fact that Parcells lacked a medical degree that led the Court to conclude he was not qualified. It was the fact that his experience and education was limited to human anatomy and autopsies, and that he had no education or experience relevant to the topics he hoped to testify about in this case, namely how an occupant's movement within a vehicle could cause the injuries sustained. None of the exhibits attached to the motion suggest that the Court committed clear error in reaching this conclusion.[6]

---

[5]   The Court notes that Parcells's report states his opinions actually are "with a reasonable degree of <u>medical</u> certainty," Doc. 69-2 at 94 (emphasis added), even though Parcells is not a doctor. *See* Doc. 101 at 10 n.9.

[6]   Some of the attached material appears to be briefing by Parcells's counsel (who also happens to be Wurm's counsel) in one of the underlying state cases currently pending against Parcells. *See, e.g.*, Doc. 106-3; *see also* Doc. 101 at 9 n.8. Wurm does not directly address the significance of these materials in his motion. But it should go without saying that the arguments of Parcells's (and Wurm's) attorney, in a case where Parcells was apparently charged with the unauthorized practice of medicine, does little to persuade the Court that it erred in its prior ruling.

As to the opinion of David McLellan, Wurm's expert on product defect, Wurm really sets forth no specific arguments for reconsideration, other than to generally disagree with the Court's decision excluding McLellan's testimony. Doc. 106 at 5. Wurm does argue that McLellan's failure to conduct "experimental rollover events" should not be held against him because of the excessive cost. *Id.* But this misstates the Court's holding. The Court primarily found that McLellan lacked relevant experience to opine on truck design and performance in the first place because his work experience was primarily related to the design of the Corvette, with no direct experience in truck or vehicle roof design, and his experience in vehicle performance testing involved no intentional rollover testing. Doc. 101 at 13-15. And aside from the fact that McLellan lacked the relevant qualifications to opine in this case, the Court found his opinion to be unreliable because it was based solely on his comparison to a roof-crush test conducted under circumstances that McLellan could not even state were similar to the accident here. *Id.* at 15-17. Although the lack of any accident reconstruction or independent testing was problematic to both Parcells's and McLellan's opinions, *see id.* at 11 n.11, 16 n.15, neither opinion was disregarded solely due to the lack of "experimental rollover" tests.[7]

Based on this, the Court finds that Wurm has failed to establish any clear error or manifest injustice that warrants reconsideration of the *Daubert* rulings. Ford briefly argues in its response that it is entitled to costs and fees incurred in responding to Wurm's motion. Although the Court finds no merit in Wurm's motion, it does not find, at this stage, that he has "multiplie[d] the proceedings . . . unreasonably and vexatiously." *See* 28 U.S.C. § 1927.

---

Even if any of the attached material did demonstrate that Parcells was qualified to testify in this case, the Court also noted several serious issues with the reliability of Parcells's opinion. Doc. 101 at 11 n.11.

[7]   Wurm's suggestion that he should have been permitted to put on evidence to a jury that Ford knew of an unsafe condition and that the truck failed to comply with safety standards, *see* Doc. 106 at 5, would first require testimony from a qualified expert that there was, in fact, an unsafe condition. But Wurm failed to meet this threshold showing. *See* Doc. 101 at 13-17.

THE COURT THEREFORE ORDERS that Wurm's Motion for New Trial Altering or Amending the Court's Memorandum and Order (Doc. 105) is DENIED. Each party shall bear their own costs related to the motion.

IT IS SO ORDERED.

Dated: June 1, 2020                    /s/  *Holly L. Teeter*
                                       HOLLY L. TEETER
                                       UNITED STATES DISTRICT JUDGE